UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 10-30-DCR |
| V. | ) | |
| DONNIE JUSTICE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Donnie Justice is serving a 110 month term of imprisonment based on his federal drug and gun convictions. [Record No. 76] Between August 2008 and April 27, 2009, Justice and Robin Wagner, his girlfriend and co-defendant, conspired to distribute oxycodone, marijuana, and hydrocodone. At the time of Justice's arrest at a hotel in Mason County, Kentucky, the police found two firearms that Justice later admitted were used in furtherance of the drug crime. This matter is pending for consideration of Justice's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). [Record No. 96] However, after again reviewing the record of this proceeding, the Court concludes that the relief sought is not appropriate.[1]

---

[1] Appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

On September 7, 2010, Justice entered a conditional guilty plea to the crimes of conspiracy to distribute a controlled substance (Count 1) and possession of firearms in the furtherance of drug trafficking (Count 3) pursuant to a written Plea Agreement. [Record No. 60] The remaining charges were dismissed at sentencing. [Record No. 88, p. 6] The Presentence Investigation Report ("PSR") prepared in advance of the sentencing hearing included a Base Offense level of 22 for purposes of calculating the defendant's non-binding range of imprisonment under the United States Sentencing Guidelines. [Record No. 78, p. 5] Although Justice did not file a motion for rearraignment until the day before trial and his guilty plea was conditional, the government moved for a three-level reduction for acceptance of responsibility. [Record No. 88, pp. 3–5] The Court granted the motion, resulting in a Total Offense Level of 19. [Record No. 88, p. 5] Based on a total of seven criminal history points, Justice was placed in Criminal History Category IV. Thus, his guideline range was calculated to be 46 to 57 months on Count 1. [Record Nos. 88, p. 6; 78, p. 16] Additionally, with respect to Count 3, the statute requires a mandatory minimum term of 60 months consecutive to the sentence imposed on Count 1. [*Id.*]

At sentencing, the Court explained that a sentence above the guideline range for Count 1 was appropriate when several statutory factors were evaluated. Consideration was given to Justice's distribution of prescription drugs in Maysville, Kentucky, and the overall problem with prescription drugs in the area. Given the serious nature of the drug activity,

---

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

coupled with the use of guns and Justice's troublesome criminal history[2] and drug addiction, the undersigned noted that a "sentence at the top of the guideline range, if not perhaps a little above the guideline range" was needed to provide sufficient deterrence to future criminal conduct. [Record No. 88, p. 21] However, due to certain information provided under seal, the Court found that a lower sentence would be imposed. While the Court refused to go below the bottom of the guideline range, it determined that a seven month reduction was appropriate from what otewise would have been imposed when considering all sentencing factors. [Record No. 88, p. 22] It bears repeating that the Court was unwilling to impose less that 50 months of imprisonment for the drug conviction due to the nature, circumstances, history, and characteristics of the defendant. [Record No. 88, p. 23]

Based on Amendment 782 to the United States Sentencing Guidelines, which became effective on November 1, 2014, and applies retroactively to certain drug offense cases, Justice now asks the Court to consider reducing his sentence. In reviewing the present motion, the Court considers the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance or responsibility and cooperation, specific and general deterrence for future crimes under 18 U.S.C. § 3553. The Court's analysis of these factors is unchanged from the sentencing hearing.

Following review of the record and considering the statutory and other relevant factors, a reduction of Justice's term of imprisonment would be unwarranted. A total term of incarceration of 50 months on the drug charge was the minimum sentence necessary to meet all statutory considerations at the time of the sentencing hearing, and the recent amendment

---

2    Justice had been convicted on numerous charges such as burglary, breaking and entering, receiving stolen property, drug trafficking, and several charges of domestic violence. [Record No. 78, pp. 6–10]

to the drug tables does not alter this conclusion. The Court originally considered a term of imprisonment both higher and lower than fifty months for the drug conviction, but rejected the notion that a lower term would serve the goals of Section 3553. A lesser term of incarceration would not provide sufficient specific or general deterrence. Further, a reduced term of imprisonment would not provide sufficient punishment for Justice's considerable drug activity. And a reduced sentence would unduly diminish the seriousness of his criminal conduct. While the costs of incarceration are substantial, those costs do not overcome the gravity of the offense and other sentencing factors discussed above.

## III.

For the reasons outlined in this Memorandum Opinion and Order, it is hereby

**ORDERED** that Defendant Donnie Justice's motion for relief [Record No. 96] pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

This 2nd day of February, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge